Case 4:15-cv-00217 Document 18 Filed in TXSD on 03/07/16 Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
March 07, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANDRA RODRIGUEZ, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-15-217 |
| | § | |
| CAROLYN W. COLVIN, | § | |
| ACTING COMMISSIONER OF | § | |
| SOCIAL SECURITY, | § | |
| *Defendant.* | § | |

## SUMMARY JUDGMENT OPINION AND ORDER

Sandra Rodriguez filed this case under the Social Security Act, 42 U.S.C. § 405(g), for review of the Commissioner's final decision denying her request for social security benefits. Rodriguez and the Commissioner moved for summary judgment (Dkts. 12, 15). After consideration of the record and the law, Rodriguez's motion is granted, and the Commissioner's motion is denied.

## Background

Rodriguez filed for social security benefits alleging disability as of June 15, 2012. Her claims were denied at the initial and reconsideration levels. After a hearing on October 1, 2013, the ALJ issued an unfavorable decision concluding Rodriguez is not disabled. The Appeals Council denied review and the ALJ's decision became the final decision of the Commissioner.

**Analysis**

    A.    **Legal Standards**

Section 405(g) of the Act governs the standard of review in disability cases. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). The Commissioner's decision to deny Social Security benefits is reviewed by the federal courts to determine whether (1) the Commissioner applied the proper legal standard; and (2) the Commissioner's decision is supported by substantial evidence. "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), and is "more than a mere scintilla and less than a preponderance." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). The court does not reweigh the evidence, try the questions de novo, or substitute its own judgment for that of the Commissioner. *Masterson*, 309 F.3d at 272. The courts strive for judicial review that is deferential but not so obsequious as to be meaningless. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quoting *Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir. 1986)).

## B. The ALJ's Decision

The ALJ followed the usual 5-step sequential analysis in reaching his decision.[1] The ALJ found that Rodriguez has the severe impairments of bipolar disorder, post-traumatic stress disorder, generalized anxiety disorder, and panic disorder with agoraphobia. The ALJ further found that Rodriguez has the residual functional capacity to perform work at all exertional levels, with the following limitations: "she can understand, remember, and carry out short, simple instructions while performing routine, predictable tasks, not in a fast paced production type of environment. She can make simple decisions, but she can be exposed to only few work place changes. She can have only occasional interaction with the general public and co-workers."[2] The ALJ further found that Rodriguez did not have any past relevant work, but could work as a laundry worker, housekeeping cleaner, and surveillance system monitor, jobs that exist in the regional and national economy, and thus is not disabled.[3]

---

[1] (1) Is the claimant currently engaged in substantial gainful activity, *i.e.*, working? If the answer is no, (2) Does the claimant have a severe impairment? If so, (3) Does the severe impairment equal one of the listings in the regulation known as Appendix 1? If no, (4) Can the claimant still perform her past relevant work? If no, (5) Considering the claimant's residual functional capacity (RFC), age, education and work experience, is there other work she can do? If so, the claimant is not disabled. 20 C.F.R. §§ 404.1520, 416.920; *Waters*, 276 F.3d at 718.

[2] Dkt. 7-3 at 17.

[3] *Id.* at 22.

Rodriguez argues that the ALJ's decision is based on an improper legal standard and not supported by substantial evidence because he failed to give proper weight to the opinion of a treating psychiatrist, Dr. Garima Arora. The Commissioner argues that the ALJ did not err because Dr. Arora does not qualify as a treating physician, and because he did analyze the opinion of another treating physician, Dr. Mandeep Kaur.

***Treating physician evidence.*** An ALJ should give controlling weight to the opinion of a treating physician unless there is good cause to discount it. Good cause may exist if the opinion is contrary to other experts and is not supported by the evidence. *Newton v. Apfel*, 209 F.3d 448, 455-56 (5th Cir. 2000). In addition, "The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Id.* Thus, post hoc rationalizations in support of the decision are immaterial.

The ALJ did not specifically address the medical source questionnaire completed by Dr. Arora on August 19, 2011. In the questionnaire, Dr. Arora reported seeing Rodriguez every 3-4 weeks for 30-40 minutes per visit, and indicated a diagnosis of bipolar disorder (not otherwise specified), PTSD, generalized anxiety

disorder, and panic disorder without agoraphobia.[4] Dr. Arora opined that Rodriguez was unable to meet competitive standards for working in coordination with or proximity to others without being unduly distracted, completing a workday and workweek without interruptions from psychologically based symptoms, and more. She also noted Rodriguez possessed no useful ability to function in the area of accepting instructions and responding appropriately to criticism from supervisors.[5] Significantly, she also reported that Rodriguez's impairments or treatment would cause her to be absent from work more than 4 days each month.[6] At the hearing, a vocational expert testified that such absences would preclude employment.[7] Dr. Arora continued to treat Rodriguez regularly throughout 2012, adjusting her medication regimen to address her symptoms.

Rodriguez was also seen by Dr. Mandeep Kaur, a psychiatrist in the same practice group as Dr. Arora. On May 22, 2013, Dr. Kaur completed a medical source statement. Dr. Kaur reported that Rodriguez has a poor ability to handle several aspects of adjusting to a job, including making simple work-related decisions,

---

[4]   Dkt. 7-8 at 96.

[5]   *Id.* at 98.

[6]   *Id.* at 100.

[7]   Dkt. 7-3 at 97.

completing a normal workday and workweek without interruptions from psychologically based symptoms and performing at a consistent pace, and interacting appropriately with the general public and co-workers.[8] Dr. Kaur concluded that Rodriguez suffered "a severe form of Post-traumatic stress disorder hindering her from occupational activity in addition to negatively impacting her social life and personal interactions."[9]

The length of the doctor/patient relationship is a factor to consider when deciding how much weight to give to the opinion of a treating physician. *See Newton*, 209 F.3d at 455 (identifying the relevant factors as: (1) the physician's length of treatment of the claimant, (2) the physician's frequency of examination, (3) the nature and extent of the treatment relationship, (4) the support of the physician's opinion afforded by the medical evidence of record, (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician). However, the fact that Dr. Arora had seen Rodriguez only twice before completing the medical questionnaire does not necessarily mean she was not a treating physician. The regulations contain no requirement on the minimum length of treatment. *See* 20 C.F.R. § 404.1502 (defining "treating source" as "your own physician, psychologist,

---

[8] Dkt. 7-10 at 115-17.

[9] Dkt. 7-10 at 118.

or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has had an ongoing treatment relationship with you."). *Hernandez v. Heckler*, 704 F.2d 857, 860-61 (5th Cir. 1983), cited by the Commissioner, also does not define the minimum length of a treating physician relationship. In *Hernandez,* the Fifth Circuit held that the ALJ did not err in failing to address the opinion of Dr. Rios because there was no record evidence that Dr. Rios was actually the plaintiff's treating physician. Dr. Rios had seen the plaintiff twice and stated he was totally disabled, but never saw the plaintiff again. Perhaps more important to the Fifth Circuit, plaintiff's own testimony indicated that he did not consider Dr. Rios his treating physician. *Id.* at 861.

The ALJ appears to have considered Dr. Aurora to be Rodriguez's treating physician when citing medical records from her office and stating: "The claimant continued to take psychotropic medications and attended routine appointments with her psychiatrist for medication monitoring (Exhibits B8F, B9F). The claimant attended monthly appointments with her psychiatrist through 2012 (Exhibit B11F11-48), including a May 2012 appointment."[10] The record here supports a finding that Dr. Arora was in fact Rodriguez's treating physician.

---

[10]    Dkt. 7-3 at 18.

The analysis required by *Newton* and applicable regulations is not excused simply because the ALJ considered, and afforded "some weight," to the opinion of Dr. Kaur. Indeed, the ALJ stated that "the severity found by this *particular physician* is not supported in its entirety by the objective medical treatment records."[11] However, Dr. Kaur's opinion was largely supported by the opinion of Dr. Arora. The ALJ should have explained why Dr. Arora's opinion was entitled to no weight.

### C. Conclusion and Recommendation

The court concludes that the ALJ erred by not adequately analyzing the factors outlined in 20 C.F.R. §§ 404.1527 and 416.927 as to Dr Arora's medical opinion. Therefore, Rodriguez's motion (Dkt. 12) is granted and the Commissioner's motion (Dkt. 15) is denied. This case is remanded pursuant to 42 U.S.C. § 405(g) for further administrative proceedings.

Signed at Houston, Texas on March 7, 2016.

Stephen Wm Smith
United States Magistrate Judge

---

[11] Dkt. 7-3 at 21 (emphasis added).